IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KARA HAWKINS, Personal Representative of the Estate of Phillip Hatcher, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | |
| COUNTY OF LINCOLN, a Nebraska Political Subdivision, DOES 1-10, in their official and individual capacities; CITY OF NORTH PLATTE, a Nebraska Political Subdivision; and GREAT PLAINS REGIONAL MEDICAL CENTER, a Nebraska corporation, | ) ) ) ) ) ) ) ) | 7:10CV5001

ORDER |
| Defendants. | ) ) ) | |

This matter is before the court on the motion (#46) of defendant, County of Lincoln ("County"), to stay discovery pending resolution of its absolute and/or qualified immunity defenses. The County and the Doe defendants[1] subsequently (and timely) filed a motion for summary judgment based on qualified immunity (#50).

NATURE OF THE CASE

On June 1, 2008, plaintiff's decedent, Phillip Hatcher, was arrested on suspicion of theft and traffic offenses. The arrest was made in North Platte, Lincoln County, Nebraska by officers employed by the City of North Platte. Phillip suffered from serious mental illnesses and, at the time of his arrest, was attempting to take his own life by cutting his wrist. City police transported Phillip to the Great Plains Regional Medical Center ("GRMPC") for evaluation, at which time Phillip reported a history of psychiatric disorders, suicide attempts, and personal problems.

GRPMC released Phillip to the City police for immediate incarceration at the county jail. During his incarceration at the Lincoln County Jail, Phillip exhibited signs of mental

---

[1]The complaint alleges that "Defendants DOES 1 - 10 (collectively, "DOES") are and were employed by Defendants COUNTY and CITY as correctional officers, jailers, and/or law enforcement officers at all relevant times, and are liable for their actions in their individual and official capacities." (Filing 1, p. 1).

illness and suicidality.  The Nebraska Jail Standards require jails to train their employees to recognize signs that an inmate is mentally ill and suicidal.  Plaintiff alleges that the County agents and employees disregarded and were deliberately indifferent to signs that Phillip was mentally ill and suicidal, and the County failed to provide Phillip with medical treatment. On June 4, 2008, County employees found Phillip hanging from a noose fashioned from his tube socks in his cell. He died on June 6, 2008.

In this action, plaintiff asserts claims against the County and the Doe defendants (as members of the County's professional staff, acting under color of state law) for common law negligence and pursuant to 42 U.S.C. § 1983 for deprivation of Phillip's rights under the Eighth and Fourteenth Amendments to the U.S. Constitution in that the Doe defendants acted with deliberate indifference to Phillip's medical needs, the County had a custom or practice of tolerating misconduct by employees at the Jail, and that the County did not properly train its employees.  The County and Doe defendants deny these allegations.

## DISCUSSION

The County and Doe defendants contend they are entitled to a stay of discovery pending the district court's ruling on their motion for summary judgment based on qualified immunity.[2]  The doctrine of qualified immunity operates to protect governmental officials from both the burdens of trial and discovery.  "However, if the plaintiffs' allegations state a claim of violation of clearly established law and the parties disagree as to what actions the law enforcement officers took, discovery may be appropriate for the limited purpose of addressing the issue of qualified immunity." *Lovelace v. Delo*, 47 F.3d 286, 287 (8th Cir. 1995) (citing *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987), and *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

The court finds that discovery must be stayed as to the County and County employees, without prejudice to plaintiff filing, if necessary, a motion for leave to conduct limited discovery on the issue of qualified immunity.

---

[2] Qualified immunity protects individual government officials from liability in a section 1983 action unless the official's conduct violated a clearly established constitutional or statutory right of which a reasonable official in the defendant's position would have known.  *See Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).  To determine whether an official is entitled to qualified immunity, two questions must be answered: (1) whether, after viewing the facts in the light most favorable to the party asserting the injury, there was a deprivation of a constitutional or statutory right; and, if so, (2) whether the right was clearly established at the time of the deprivation such that a reasonable official would understand his conduct was unlawful in the situation he confronted.  *Saucier v. Katz,* 533 U.S. at 201.  Summary judgment may be denied on the issue of qualified immunity if there is a genuine issue of material fact as to whether a reasonable officer could have believed his actions to be lawful.  *Ngo v. Storlie*, 495 F.3d 597, 602 (8th Cir. 2007).

**IT IS ORDERED** that the motion to stay discovery filed by defendant, County of Lincoln, is granted.  Discovery is stayed as to the County and any Doe defendants who are County employees, without prejudice to plaintiff filing, if necessary, a motion for leave to conduct limited discovery on the issue of qualified immunity.

**DATED August 26, 2010.**

BY THE COURT:

s/ F.A. Gossett
United States Magistrate Judge