IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **KARA HAWKINS, Personal Representative of the Estate of Phillip Hatcher, Deceased,** | CASE NO. 7:10CV5001 |
| **Plaintiff,** | |
| v. | MEMORANDUM & ORDER |
| **COUNTY OF LINCOLN, a Nebraska Political Subdivision, CITY OF NORTH PLATTE, NEBRASKA, a Nebraska Political Subdivision, GREAT PLAINS REGIONAL MEDICAL CENTER, a Nebraska corporation, and DOES 1-10, in their official and individual capacities,** | |
| **Defendants.** | |

This matter is before the Court on the Plaintiff's Motion to Conduct Limited Discovery and for Enlargement of Time (Filing No. 63) and the Objection to Plaintiff's Motion (Filing No. 65) filed by the Defendant County of Lincoln ("Lincoln County"). For the reasons discussed below, the Plaintiffs' Motion will be granted in part and Lincoln County's Objection will be denied as moot.

### DISCUSSION

The issue of qualified immunity "should be resolved at the earliest possible stage of a litigation." *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987). However, "if there is a genuine dispute concerning predicate facts material to the qualified immunity issue, there can be no summary judgment." *Turney v. Waterbury*, 375 F.3d 756, 760 (8th Cir. 2004) (quotations omitted). The Eighth Circuit has stated that "if the plaintiffs' allegations state a claim of violation of clearly established law and the parties disagree as to what actions the law enforcement officers took, discovery may be appropriate for the limited

purpose of addressing the issue of qualified immunity." *Lovelace v. Delo*, 47 F.3d 286, 287 (8th Cir. 1995) (citing *Anderson*, 483 U.S. at 646 n. 6, and *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

In this case, Lincoln County's Motion for Summary Judgment on the Basis of Qualified Immunity is supported by factual accounts given in affidavits of Dean Sparks and Regina Williams, both officials of Lincoln County. (*See* Filing Nos. 52-1, 52-2.) Plaintiff's burden at this stage of the proceedings is simply to demonstrate that her allegations state a claim of a violation of clearly established law and that there is *some* genuine dispute concerning the facts predicate to the qualified immunity issue, e.*g.*, that there is a disagreement as to what actions the Defendants' employees or agents took.

The Court is very mindful of the fact that Plaintiff's decedent, Phillip Hatcher, is not available to testify. Before an action is filed pursuant to 42 U.S.C. § 1983, however, a plaintiff should have *some* evidence to support his or her claim. One purpose of the concept of qualified immunity is to prevent government entities and officials from being subjected to burdensome discovery conducted by a plaintiff who hopes to piece together evidence to support a claim where none exists at the time of the filing of the lawsuit. *See Pearson v. Callahan*, 129 S. Ct. 808, 815-16 (2009); *Anderson*, 483 U.S. at 640 n. 2. As noted by Defendants, nothing prevents the Plaintiff from presenting evidence such as affidavits of non-party witnesses in opposition to Lincoln County's Motion for Summary Judgment Based on Qualified Immunity.

Because the Plaintiff's response to Lincoln's Motion for Summary Judgment Based on Qualified Immunity was due on September 30, 2010, the Court will grant the Plaintiff an additional grace period, until October 15, 2010, for the filing of her response.

IT IS ORDERED:

1. Plaintiff's Motion to Conduct Limited Discovery and for Enlargement of Time (Filing No. 63) is granted in part, as follows:

    Plaintiff must respond to the Motion for Summary Judgment Based on Qualified Immunity (Filing No. 50) filed by Defendant County of Lincoln, on or before October 15, 2010,

    and is otherwise denied; and

2. Defendant County of Lincoln's Objections (Filing No. 65) are denied, as moot.

DATED this 4th day of October, 2010

BY THE COURT:

s/Laurie Smith Camp
United States District Judge