IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KARA HAWKINS, Personal Representative of the Estate of Phillip Hatcher, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | 7:10CV5001 |
| v. | ) ) | |
| COUNTY OF LINCOLN, a Nebraska Political Subdivision, CITY OF NORTH PLATTE, NEBRASKA, a Nebraska Political Subdivision, GREAT PLAINS REGIONAL MEDICAL CENTER, a Nebraska corporation, and DOES 1-10, in their official and individual capacities, | ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) | |

A conference call was held today to discuss scheduling the progression of this case to trial; defendant City of North Platte's Motion to Extend Time to File Motion for Summary Judgment, (filing no. 68); and defendant Great Plains Regional Medical Center's oral motion, made during the course of the conference call, to set a deadline for filing its § 1983 summary judgment motion and to limit discovery at this time to the issue of whether the medical center is a state actor. All parties were represented during the call.

During the course of the conference call, the parties and court concluded creating a final case progression schedule was not reasonable at this time. Specifically, the County of Lincoln has raised, and the City of North Platte will be raising qualified immunity as a basis for summary judgment on plaintiff's claims under 42 U.S.C. § 1983, and defendant Great Plains Regional Medical Center ("GPRMC") intends to move for summary judgment, claiming it is not a state actor and therefore cannot be liable under § 1983. In other words,

the court has or will be asked to determine at the outset whether the plaintiff can prevail against any of the defendants under 42 U.S.C. § 1983.

The plaintiff does not object to defendant City of North Platte's motion for additional time (until October 29, 2010) to file a motion for summary judgment on the basis of qualified immunity. Plaintiff's counsel does, however, object to being prohibited from conducting discovery to respond to such a motion. Plaintiff's counsel was advised that if she deemed it appropriate or necessary, she may move for a ruling from the district judge as to whether she may conduct discovery regarding North Platte's anticipated or raised qualified immunity arguments.[1] The City of North Platte's motion for additional time, (filing no. 68), will be granted.

Defendant GPRMC requested a late-November deadline to file for summary judgment on the issue of whether it was, as applied to this case, a state actor. The parties did not object to GPRMC's suggested deadline. However, GPRMC also moved to currently limit GPRMC's discovery obligations to the state actor issue. GPRMC explained a parallel negligence action against the medical center has now been filed in state court, and it should not be required to defend the same case in two forums.

The plaintiff objected to limiting discovery directed to GPRMC to the issue of whether the medical center was a state actor. Plaintiff's counsel explained she objects to piecemeal discovery, and if GPRMC's proposed discovery limitation is permitted, the plaintiff may be required to incur the additional expense and time of deposing some witnesses twice. The court notes, however, that the parties have exchanged some discovery

---

[1] As to the County of Lincoln, this court has denied the plaintiff's request to engage in discovery on the issue of qualified immunity. See filing no. 67.

but have been prohibited by court order from conducting discovery on the issue of qualified immunity. In other words, piecemeal discovery is common in § 1983 actions and irrespective of the court's ruling on GPRMC's oral motion, is likely unavoidable in this case.

Plaintiff's counsel further objected to considering an oral motion to limit discovery. Although the Nebraska Civil Rule mechanism for civil motion practice contemplates a filed motion, index of evidence, and brief, (see [NECivR 7.0.1)](), those rules do not limit or prohibit the court from considering and ruling on oral motions, particularly where deviating from formal motion practice will promote the interests of justice. See [NEGenR 1.1(c)]().

The planning conference for this case afforded the parties an opportunity to educate the undersigned magistrate judge as to the history of this litigation, and allowed the parties to discuss and raise issues bearing on case progression. Had GPRMC been required to file a formal motion to limit discovery, substantial time would have elapsed while the parties submitted and the court ruled on the motion. This case has already been pending for eight months and requiring formal motion practice on the scope of permitted discovery would serve only to further delay the court's ruling on whether a § 1983 action can be asserted against GPRMC. That delay could also impact the progression of plaintiff's parallel state court proceedings. Finally, the court notes that if the § 1983 case against GPRMC is dismissed on summary judgment, this court has discretion to decline supplemental jurisdiction over the plaintiff's state law negligence claims against GPRMC, leaving the plaintiff to litigate his claims, and conduct appropriate discovery, in the state forum. Promptly resolving the question of whether GPRMC can be sued under § 1983 serves the interests of justice for the parties and the federal and state forums, and justifies permitting issues such as GPRMC's proposed limitation on discovery to be raised by oral motion.

After considering the arguments of counsel, the procedural posture of this case, the goal of limiting unnecessary and duplicative discovery, and the jurisdictional and comity issues presented, the court concludes that as to each defendant, the issues of potential liability under § 1983 should be determined before a final progression schedule is entered and full discovery is permitted with respect to defendant Great Plains Regional Medical Center.

Accordingly,

IT IS ORDERED:

1) Defendant City of North Platte's Motion to Extend Time to File Motion for Summary Judgment, (filing no. 68), is granted, and North Platte's motion for summary judgment on the issue of qualified immunity shall be filed on or before October 29, 2010.

2) Defendant Great Plains Regional Medical Center's motion for summary judgment on the issue of whether it is, or was as applied to the facts alleged herein, a state actor shall be filed on or before November 30, 2010.

3) Until further order of the court, the discovery directed between the parties and Great Plains Regional Medical Center shall be limited to the issue of whether the medical center was, at the times and under the circumstances relevant to this case, a state actor as that term is defined for the purposes of 42 U.S.C. § 1983.

4) A final progression schedule will not be entered at this time. A telephonic conference will be scheduled after the court enters its summary judgment rulings on whether, and to what extent, the defendants, or each of them, could be liable to the plaintiff under 42 U.S.C. § 1983.

October 15, 2010.                    BY THE COURT:

                                     *s/ Cheryl R. Zwart*
                                     United States Magistrate Judge