IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KARA HAWKINS, Personal Representative of the Estate of Phillip Hatcher, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | 7:10CV5001 |
| V. | ) ) | |
| COUNTY OF LINCOLN, a Nebraska Political Subdivision, and GREAT PLAINS REGIONAL MEDICAL CENTER, a Nebraska corporation, | ) ) ) ) ) | ORDER |
| Defendants. | ) ) | |

This matter is before the court on Plaintiff's Motion to Compel Discovery and for Reasonable Attorney's Fees (filing 156). Plaintiff's Motion will be denied.

### BACKGROUND

On July 12, 2010, Plaintiff served interrogatories and requests for production of documents on Defendant County of Lincoln ("County"). The County did not serve any responses or objections to the discovery requests, but on August 12, 2010, the County moved to stay discovery pending the court's resolution of the County's qualified immunity defense. (Filing 46.). The court stayed discovery as to the County on August 26, 2010. (Filing 54.)

Despite the stay of discovery, Plaintiff served a second set of interrogatories and requests for production of documents on the County on September 27, 2010. (Filing 62.) On December 15 and 16, 2010, Plaintiff served two sets of requests for admissions on the County. (Filings 103, 107.) Consequently, the County moved for a protective order. (Filing 115.) The court granted the County's motion, stating:

> Lincoln County's Motion (Filing #115) for a protective order is granted. The County's obligation to respond to plaintiff's outstanding interrogatories and requests for production of documents is stayed pursuant to Orders #54 and #67.

> Plaintiff's requests for admissions served on Lincoln County are hereby quashed, and Lincoln County does not have to respond to plaintiff's requests for admissions. Based on Judge Smith Camp's Order (Filing #146), the plaintiff may renew relevant discovery [requests] on or before April 18, 2011.

(Filing 149.) In its order, the court specifically discussed the discovery requests served on July 12, 2010.[1] (*Id.*) The court also granted Plaintiff's motion to vacate discovery limitations as to the County. (*Id.*)

Following the lift of the discovery limitations, Plaintiff's counsel, on a couple of occasions, emailed the County's counsel simply asking when she should expect responses to her discovery requests. (Filing 158.) However, the emails do not reflect any urgency or indicate that a motion to compel may be forthcoming or necessary.

On or about August 10, 2011, Plaintiff's counsel emailed copies of the previously-served discovery requests to the County's counsel. (Filing 169-4.) However, Plaintiff's counsel never formally renewed her discovery requests. Over the next month, the parties' counsel engaged in email communications in which Plaintiff's discovery requests were mentioned. On August 30, 2011, the County's counsel emailed Plaintiff's counsel stating: "Also, I wanted to let you know

---

[1] In its order, the court stated:

> On July 12, 2010, plaintiff served interrogatories and requests for production on Lincoln County. Under Rules 33 and 34 of the Federal Rules of Civil Procedure, responses to plaintiff's requests were due within 30 days of service, i.e., by Wednesday, August 11, 2010. The County did not serve any responses or objections to the discovery requests. Instead, on August 12, 2010, the County filed and served its motion to stay discovery. The County's motion did not mention the outstanding discovery requests. Plaintiff's objection to the County's motion did, however, incorporate and discuss the outstanding interrogatories and requests for production. The County then addressed the outstanding discovery in its rely brief. Thus, the court was fully aware of plaintiff's outstanding requests when it granted the County's motion to stay discovery. Given the parties' arguments at the time, the order staying discovery can only be construed, and was fully intended, to apply to the County's obligation to respond to plaintiff's interrogatories and requests for production of documents.

> (Filing 149) (internal citations omitted.)

we are in the process of finalizing discovery responses and should have those to you in the near future." (Filing 169-3.) On September 9, 2011, Plaintiff's counsel emailed the County's counsel inquiring as to when she should expect discovery responses. (Filing 158-1.) On September 19, 2011, the day before Plaintiff filed her motion to compel, Plaintiff's counsel again emailed counsel for the County asking when she should expect discovery responses. (*Id*.) Plaintiff's counsel did not, however, indicate that she would be filing a motion to compel if responses were not received.

The County served Answers to Interrogatories and Responses to Requests for Production of Documents on September 28, 2011. (Filing 169-6, 169-7.) On October 10, 2011, the County served Plaintiff with amended discovery responses, which withdrew several of the objections set forth in the County's original discovery responses. (Filing 169-8, 169-9.) A privilege log also accompanied the County's amended responses. (Filing 169-10.)

## ANALYSIS

The County has now responded to the discovery requests that are the subject of Plaintiff's motion to compel.  However, Plaintiff requests that the court find that the County waived its objections to certain requests and, additionally, that the court award Plaintiff the attorney's fees that she incurred in filing her motion to compel. *See Brown v. Deffenbaugh Industries, Inc.*, No. 8:09CV292, 2010 WL 1740606, *2 (D. Neb. Apr. 28, 2010) (stating that a party may not avoid sanctions by producing documents after a motion to compel has been filed.)

The Federal Rules of Civil Procedure require a responding party to serve answers and any objections to properly served interrogatories and requests for production within thirty days of service.  *See* Fed. R. Civ. P. 33(b)(2) and 34(b)(2).  If objections to discovery requests are not timely filed they are waived "unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4).  *See also Farmers Co-op v. Bartlett Grain Co., L.P.*, No. 4:09CV3252, 2011 WL 612060, *8 (D. Neb. Feb. 10, 2011) ("If objections to Interrogatories and Requests for Production are not timely filed they are waived.") The court finds that good cause excuses the County's failure to initially respond and submit objections.

The County made an effort to respond to Plaintiff's requests, which were numerous, and kept Plaintiff advised as to the status of its responses.  This is not a situation in which a party

3

made no effort to complete discovery responses or one in which the party owing responses refused to communicate. On August 10, 2011, following the lift of the stay, Plaintiff's counsel's office emailed the County's counsel copies of the originally-served discovery requests. On August 30, 2011, the County's counsel emailed Plaintiff's counsel stating that the County was in the final process of completing its discovery responses. It appears that Plaintiff's counsel did not voice any objection to the progress made by the County at that time. Moreover, when the County's counsel and Plaintiff's counsel met in July and August, 2011, the discovery requests were never mentioned or discussed. ([Filing 169](#).) According to the County's counsel, they never discussed the discovery requests either in person or telephonically with Plaintiff's counsel. While Plaintiff's counsel did, on a couple of occasions, briefly inquire through email as to when responses could be expected, the record does not show that she gave any indication she was considering filing a motion to compel. Given the circumstances here, finding a waiver of objections for the untimely discovery responses would be an unduly harsh sanction. The court finds that good cause exists for the County's failure to respond to Plaintiff's discovery within thirty days and the court will not deem the County's objections waived.

For the reasons explained above, the court declines to award Plaintiff attorney's fees. The court need not award attorney's fees when (a) the motion was filed without the movant's first making a good faith effort to obtain the discovery without court action, (b) the opposing party's non-disclosure was substantially justified or (c) other circumstances make an award of expenses unjust. *See* [Fed. R. Civ. P. 37](#). Under the circumstances, the court concludes that the County's late responses were substantially justified. Plaintiff served numerous interrogatories and requests for production and there is little doubt that the process of responding to the requests was time consuming. The process of preparing responses was also slowed due to difficulties associated with the construction of a new jail facility. Additionally, it appears probable that this discovery dispute could have been resolved without the filing of a motion to compel.

**IT IS ORDERED** that Plaintiff's Motion to Compel Discovery and for Reasonable Attorney's Fees ([filing 156](#)) is denied.

**DATED December 20, 2011.**

                 **BY THE COURT:**

                 **S/ F.A. Gossett**
                 **United States Magistrate Judge**