IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KARA HAWKINS, Personal Representative of the Estate of Phillip Hatcher, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | 7:10CV5001 |
| v. | ) ) | |
| COUNTY OF LINCOLN, a Nebraska Political Subdivision, and GREAT PLAINS REGIONAL MEDICAL CENTER, a Nebraska corporation, | ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) | |

Having failed to timely respond to the County's requests for admissions, the plaintiffs now move to withdraw their deemed admissions. (Filing No. 180). The plaintiff has filed a lengthy affidavit and brief describing the magnitude of her workload during December 2011, when the discovery answers became due. But there is nothing of record indicating Plaintiff's counsel ever attempted to speak with the County's attorney to resolve the current discovery issue–a simple step which could have averted the expenditure of time by plaintiffs' counsel in drafting and filing the motion, by defense counsel in responding to the motion, and by this court in reviewing the motion and issuing a ruling.

The current situation was the catalyst behind Nebraska Civil Rule 7.0.1(i). Under Rule 7.0.1(i):

> Discovery Motions. To curtail undue delay in the administration of justice, this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord. This showing must also state the date, time, and place of the communications and the names of all participating persons. "Personal consultation" means person-to-person conversation, either in person or on the telephone. An exchange of letters, faxes, voice mail messages, or emails is also personal consultation for purposes of this rule upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the nonmoving party.

NECivR 7.0.1(i) (emphasis added).

The plaintiffs' motion is a discovery motion. As the moving parties, the plaintiffs were required to speak with defense counsel in person, or at least attempt to do so, before filing the motion. Based on the record before the court, the personal consultation required under Nebraska Civil Rule 7.0.1(i) never occurred.

Absent the County's willingness to allow the withdrawal of plaintiffs' deemed admissions, the court would have denied the plaintiffs' motion. But the court will not undermine the courtesy extended by the County to the plaintiffs at this time. However, the parties are hereby notified that recurrent and unwarranted motion practice disrupts the court's scheduling, and for the court's own sake, the court will neither ignore nor condone the negative impact of counsels' unrelenting acrimony on this court's limited resources.

Although the parties currently have a scheduling conference with the court set for April 5, 2012, the undersigned magistrate judge was recently again assigned to this case and needs an update on its current posture and the parties' plan for final progression to trial.

Accordingly,

IT IS ORDERED:

1) The plaintiffs' Motion for Leave to Amend Discovery Responses, (filing no. 180), is granted.

2) A telephonic conference will be held on February 28, 2012 at 10:00 (CST) to discuss final progression of this case to trial. To facilitate discussion, counsel for the parties shall confer and, on or before February 27, 2012 at 5:00 p.m. (CST), they shall jointly file a supplemental Rule 26(f) Report, a copy of which is attached.

February 14, 2012.                                BY THE COURT:

                                                                  *s/ Cheryl R. Zwart*
                                                                  United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

|  |  |  |
|---|---|---|
| Plaintiff(s), | ) ) ) ) ) ) ) ) ) ) | _:__CV____ |
| v. |  | **SUPPLEMENTAL RULE 26(f) REPORT** |
| Defendant(s). |  |  |

The following attorneys conferred to prepare this Report:

**(Identify, for each party, the counsel who participated in preparing the Report)**.

The parties discussed the case and jointly make the following report:

**CASE PROGRESSION:**

A.  Experts.

    1)  If expert witnesses are expected to testify at the trial, counsel agree to at least **identify** such experts, by name and address, (i.e., without the full reports required by Rule 26(a)(2)), by _____.

    2)  Experts and, unless otherwise agreed, expert **reports** shall be served by _____. **Note**: The parties may agree on separate dates for the plaintiff(s) and the defendant(s).

    3)  Motions to exclude expert testimony on *Daubert* and related grounds will be filed by _____.

B.  Discovery.
    1)  Written discovery under Rules 33 through 36 of the Federal Rules of Civil Procedure will be completed by _____.

    2)  Depositions, whether or not they are intended to be used at trial, will be completed by _____.

C. The following claims and/or defenses may be appropriate for disposition by dispositive motion (motion to dismiss or for summary judgment or partial summary judgment):
_____.
Motions to dismiss and/or for summary judgment will be filed by _____.

D. Other matters to which the parties stipulate and/or which the court should know or consider:
_____.

E. Consent to Trial Before Magistrate Judge.

In accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case may voluntarily consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including the trial, and order the entry of final judgment. The consent must be unanimous, and any appeal must be taken to the United States Court of Appeals.  If the parties do not presently consent, they may do so at a later time and the case will remain with the assigned United States District Judge or, if not previously assigned, will be randomly assigned to a United States District Judge.

_____ All parties hereby voluntarily consent to have the United States Magistrate Judge conduct any and all further proceedings in this case including the trial, and order the entry of final judgment.

_____ All parties do not consent at this time.

F. Trial date.

1) Jury Trial:

a. _____ No party has timely demanded a jury trial.

b. _____ A party has timely demanded a jury trial and does not anticipate waiving that demand, and the parties agree that all or part of the claims in this case must be tried to a jury.

c. _____ A party has demanded a jury trial, and the parties disagree on whether trial by jury is available in this case.  A motion to strike the

     (plaintiff's/defendant's) demand for jury trial will be filed no later than
     _____.

    d. _____ Having previously demanded a jury trial, the plaintiff now waives jury trial. The defendant will file a demand for jury trial within _____ days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

    e. _____ Having previously demanded a jury trial, the defendant now waives jury trial. The plaintiff will file a demand for jury trial within _____ days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

2) This case will be ready for trial before the court by: <u>(month, year)</u>.

3) The estimated length of trial is _____ days.

Dated: _____


_____  _____
Counsel for Plaintiff(s)        Counsel for Defendant(s)


## CERTIFICATE OF SERVICE

 I hereby certify that on _____, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: _____, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: _____.

           s/_____