IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KARA HAWKINS, Personal Representative of the Estate of Phillip Hatcher, Deceased;<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF LINCOLN, a Nebraska Political Subdivision;  CITY OF NORTH PLATTE, a Nebraska Political Subdivision; GREAT PLAINS REGIONAL MEDICAL CENTER, a Nebraska corporation; and DOES 1-10, in their official and individual capacities;<br><br>　　　　　Defendants. | 7:10CV5001<br><br>MEMORANDUM AND ORDER |

　　　　The plaintiff has moved to compel the deposition of Dr. Deb Weaver, medical director for defendant Great Plains Regional Medical Center (GPRMC).  Dr. Weaver did not participate in the care and treatment of decedent Phillip Hatcher.  However, she allegedly hired, mentored, and evaluated the work performance of Dr. David Hurst, the emergency room doctor who did treat and discharge Mr. Hatcher.  The plaintiff claims Dr. Weaver's testimony is relevant to "allegations of negligence against GPRMC for 'negligently hiring, training and supervising medical and nursing staff who were responsible for providing reasonable evaluation and treatment to emergency room patients.' " (Filing No. 213, at CM/ECF p. 4).  Based on the same argument, the plaintiff also moves to compel responses to document production requests 15 and 21.  (See Filing No. 212).

　　　　In response, GPRMC asserts, among other things, that the requested discovery is not relevant because the plaintiff has not timely disclosed any expert opinions supporting

the plaintiff's allegations of negligent hiring, training, and supervision.[1]  GPRMC argues that any discovery related to these claims is therefore irrelevant and not likely to lead to the discovery of relevant information.  The plaintiff filed no reply to this argument.  See Filing No. 211).

Upon review of the cases cited by GPRMC,[2] and having done additional research on the topic, the court finds that expert testimony is necessary to support plaintiff's claim that GPRMC failed to adequately research Dr. Hurst's credentials before hiring him, failed to provide proper training, and failed to adequately supervise his work.  Since Dr. Weaver's testimony is sought solely to discover information regarding the negligent hiring, training, and supervision allegations, which cannot prevail due to lack of expert testimony, Dr. Weaver's testimony is irrelevant, and is not likely to lead to the discovery of relevant information.  Plaintiff's motion to compel the deposition of Dr. Weaver will be denied.

As stated in Plaintiff's brief, "[t]he same questions of GPRMC's hiring and supervision of Hurst, and Hurst's performance at GPRMC, which underlie the need to depose GPRMC's medical director Dr. Weaver also underlie the need" to obtain responses to Requests for Production Nos. 15 and 21.  (Filing No. 213, at CM/ECF p. 9). Request No. 15 encompasses "Dr. Hurst's personnel file, job application, any records of background or reference checks (if such checks were performed in the hiring process), evaluative or supervisory documents, incident reports, and so on," (Filing No. 212, at CM/ECF p. 2), by demanding production of "a complete copy of the credentials file for David Hurst, M.D., as well as any separate administrative files maintained by the

---

[1] The plaintiff's expert disclosure deadline was June 29, 2012.  (Filing No. 189)

[2] Brookins v. Mote, 2012 WL 6134872, at *15 (Mont. Dec. 11, 2012); Grassie v. Roswell Hosp. Corp., 258 P.3d 1075, 1090 (N.M. App. 2010); Neff v. Johnson Memorial Hosp., 889 A.2d 921,927 (Conn. App. 2006); Rose v. Garland Community Hosp., 168 S.W.3d 352, 356 (Tex. App. 2005).

administrator or executive director of your hospital, its board of trustees, or the medical executive committee, or any other committee responsible for staff physician and resident physician privileges." (Filing No. 214-6, at CM/ECF p. 6). Request No. 21 seeks production of "all documents transmitted from any medical staff committee to the board of trustees/directors, executive director, human resources, personnel department or any other administrative body or member thereof of Great Plains Regional Medical Center" concerning Dr. Hurst, Dr. McIver, Melissa Stacy, R.N., and Kellie Mahanes, R.N. (Filing No. 214-6, at CM/ECF p. 9).

The only relevancy argument plaintiff has advanced is that the documents responsive to Requests 15 and 21 are relevant to the negligent hiring, training and supervision claims. But in the absence of any viable claim on this theory, the documents are not relevant and are not likely to lead to the discovery of relevant information.[3]

Accordingly,

IT IS ORDERED that the plaintiff's motion to compel, (Filing No. 212), is denied.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

[3] The parties have extensively briefed the issue of whether the document production requests encompass information privileged under Nebraska statutory law. But having concluded that GPRMC's relevancy objections should be granted, I need not and will not comment on the application, nature, and extent of Nebraska's statutory privileges.